MASSON, PETITIONER, *v.* CAMPILLO, DISTRICT JUDGE, RESPONDENT.

Petition for a Writ of Certiorari to the Judge of the District Court of San Juan, Section 1.

No. 279.—Decided May 4, 1920.

CONJUGAL PARTNERSHIP PROPERTY — RECEIVERSHIP — CERTIORARI. — The Supreme Court will not set aside in certiorari proceedings an order of a district court in an action for the liquidation and recovery of conjugal property appointing a receiver for the properties alleged by the plaintiff to have been acquired during her wedlock with the defendant when, as in this case, the defendant is not free from all blame in the management of the conjugal property, inasmuch as after the marriage was dissolved he sold and leased properties of the conjugal partnership without any reservation in favor of his wife and without even stating his intention not to appropriate their products pending the liquidation of the partnership.

The facts are stated in the opinion.

*Mr. F. Soto Gras* for the petitioner.

*Mr. José de Guzmán Benítez* for the defendant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On September 5, 1919, the District Court of San Juan, Section 1, rendered judgment in an action for divorce brought by Carolina Wolkers against Esteban Masson Dávila and as no appeal was taken therefrom the judgment became final. On December 22, 1919, the plaintiff brought an action in the said court for the liquidation and recovery of community property.

The complaint was verified and alleged that the said community property consisted of a farm of 37 acres in the ward of Hoyo Mulas of the municipality of Carolina; a dwelling-house in the suburbs of the said town; a crop of sugar cane growing on the said farm; a plant for manufacturing ice and soft drinks; thirteen bonds of the Borinquen Sugar Company; thirty-six shares of stock of the Pasto Viejo Central; twelve shares of stock of the Juncos Central; two milch cows and their calves; one heifer; a motor truck, and a laundry.

In the action for liquidation and recovery of community property the plaintiff filed a motion on February 21, 1920, for the appointment of a receiver to take charge of the said community property, with the exception of the thirteen bonds of the Borinquen Sugar Company, the thirty-six shares of stock of the Pasto Viejo Central and the twelve shares of stock of the Juncos Central, because the said bonds and stocks had been sold by the defendant during his wedlock with the plaintiff, and for the purpose of protecting the interests of the parties and in the belief that absolute control of the property was necessary in order to collect the rents and profits and to protect and safeguard the property, the court sustained the motion on March 13, 1920, and appointed José Martínez Dávila receiver of the properties, with their appurtenances, fixtures, implements and accessories, as well as the rents and profits, with the powers stated in the said order.

Esteban Masson Dávila petitioned this court on March 16 for a writ of certiorari directed to the judge of the District Court of San Juan, Section 1, commanding him to send up the original record, and the writ was issued on the 19th of the said month of March.

In support of his petition for the writ of certiorari the petitioner alleges that the farm of thirty-seven acres, the suburban dwelling and the ice and bottling plant are not in his possession because he leased them to Ramón Rodrí-

guez in December, 1919; that the cane crop and the motor truck belong to Rodríguez; that the receiver was appointed regardless of his disapproved demand that Carolina Wolkers should produce in open court the witnesses who signed the affidavits so that he might confront them; that the affidavits filed contain no material or pertinent evidence, and that the receiver should not have been appointed for these and the following reasons: Because the necessity of such appointment was not shown; because the petitioner had another speedy, adequate and effective remedy; because the right or interest of Carolina Wolkers was doubtful and had not been determined, and because upon the dissolution of the conjugal partnership without a showing of fraud, Masson Dávila had the right to manage it during the liquidation, according to law and in benefit of the conjugal partnership itself.

From the original record and the allegations of both parties before this court it appears that the thirty-seven acres of land and the suburban dwelling were acquired during the wedlock of Esteban Masson Dávila and Carolina Wolkers; that the husband sold the two cows and their calves and the heifer to Francisco Torres Pacheco on November 20, 1919, after the divorce had been granted, and that by a deed of December 29 of the same year, also after the decree of divorce, Esteban Masson Dávila and Ramón Rodríguez ratified a verbal contract of lease which they both said had been entered into on May 1, 1919, with regard to the farm of thirty-seven acres and the suburban dwelling, the said contract being made extensive to the ice and bottling plant and the duration of its term being fixed at three years, or until May 1, 1922, the total rent being stipulated at $150 monthly which the lessee agreed to pay at the end of each month.

Pursuant to section 1330 of the Civil Code, the conjugal partnership of the spouses Masson Dávila and Carolina Wolkers terminated upon the dissolution of the marriage by

divorce and all the property acquired during the marriage should be considered as community property and therefore presumably belongs to the legal partnership formed by the said spouses, according to sections 1316 and 1322 of the said code.

Even in the supposition that Masson Dávila had a right to continue to manage the conjugal partnership after its dissolution, as claimed by him, he is not free from blame in the management of the community property which has actually been under his charge, for he sold the cattle to Francisco Torres Pacheco and leased the farm, the suburban dwelling and the ice and bottling plant to Ramón Rodríguez for his own benefit, without making any reservation in favor of Carolina Wolkers and without having stated his intention to preserve the rents and profits pending the liquidation of the conjugal partnership.

When, as in the present case, there is an action pending between partners, as are Esteban Masson Dávila and Carolina Wolkers, having an equal participation in the proceeds of the liquidation of the conjugal partnership formed by them and afterwards dissolved, it is neither just nor equitable that one of the partners should control the property of the partnership and appropriate to himself the profits to the prejudice of the other when the profits belong presumptively to both partners, as also the property whence they originate.

In any event, since the writ of certiorari is not a writ of right and the court is vested with discretion to grant or refuse it as justice may require in each case, we have decided to deny the petition in the present case, believing that the interests of equity and justice will thus be better served.

For the foregoing reasons the petition for a writ of certiorari should be denied, the writ discharged and the original record remanded to the District Court of San Juan, Section 1.

*Writ discharged.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.